Matter of Friedman v Fiala (2018 NY Slip Op 03677)





Matter of Friedman v Fiala


2018 NY Slip Op 03677


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-08221
 (Index No. 32046/16)

[*1]In the Matter of Rachel Friedman, petitioner,
v
Barbara J. Fiala, etc., respondent.


Jay Golland, New City, NY, for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated March 29, 2016. The determination affirmed a determination of an administrative law judge dated June 1, 2015, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1146(a) and suspended her driver license for a period of one year. By order dated August 1, 2016, the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), transferred the proceeding to this Court and stayed enforcement of the suspension pending determination of this proceeding.
ADJUDGED that the determination dated March 29, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs. 
On the night of July 16, 2014, the petitioner was driving her vehicle when she struck and killed a pedestrian who was crossing Monsey Boulevard near Maple Avenue in Rockland County. Following a hearing, an Administrative Law Judge (hereinafter ALJ) designated by the New York State Department of Motor Vehicles determined that the petitioner violated Vehicle and Traffic Law § 1146(a) by failing to exercise due care to avoid colliding with the pedestrian, and suspended the petitioner's driver license for a period of one year. In a determination dated March 29, 2016, the New York State Department of Motor Vehicles Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 in the Supreme Court, Rockland County, to challenge the Appeals Board's determination. In an order dated August 1, 2016, the Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g) and stayed enforcement of the suspension pending determination of this proceeding.
Contrary to the petitioner's contentions, the finding that she violated Vehicle and Traffic Law § 1146(a) by failing to exercise due care to avoid striking the pedestrian is supported by substantial evidence (see Matter of Montagnino v Fiala, 106 AD3d 1090, 1091; Matter of Cervoni v Commissioner of N.Y. State Dept. of Motor Vehs., 96 AD3d 742, 743). The evidence at the hearing demonstrated that the roadway was well lit and straight and level, and supported the conclusion that the petitioner should have seen the pedestrian crossing the roadway and avoided the collision.
Under the circumstances of this case, the one-year license suspension imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233).
Accordingly, we confirm the determination dated March 29, 2016, deny the petition, and dismiss the proceeding on the merits.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court